UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-86-FDW

| BENJAMIN GODWIN SWANSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| GASTON COUNTY SHERIFF'S DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss or Quash filed by Defendants Cauthran, Becton, and Nolan pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, (Doc. No. 24), alleging insufficient service of process of the summons and Amended Complaint. Also pending is Plaintiff's *pro se* Letter asking the Clerk of Court to issue a subpoena or order for the Mecklenburg County Sheriff's Department's Jail Division to allow Plaintiff to search his property for legal mail and material related to this case, (Doc. No. 20).

I. **BACKGROUND**

Plaintiff is a *pro se* inmate of the Mecklenburg County Jail who filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on Plaintiff's allegations of retaliation against Defendants Cauthran, Becton, and Nolan. (Doc. No. 11). The Clerk of Court electronically issued summons forms to the U.S. Marshal for service on Defendants on September 7, 2018. (Doc. Nos. 18). Summons forms were returned executed and were filed with the Court on September 18, 2018. (Doc. Nos. 21-23). The Proof of Service forms attached to the Summons forms indicate that each of the Defendants was served when the U.S.

1

Marshal delivered the Summonses to Sergeant Lomick of the Gaston County Sheriff's Office on September 12, 2018. (Doc. No. 21 at 3); (Doc. No. 22 at 3); (Doc. No. 23 at 3).

A Letter from Plaintiff to the Clerk of Court was docketed on September 13, 2018. (Doc. No. 20). Plaintiff asks the Court to subpoena or order the Mecklenburg County Sheriff's Department's Jail Division, where he presently resides, to allow Plaintiff to search his property for legal mail and material related to this case.

Defendants filed the instant Motion to Dismiss or Quash on October 1, 2018, (Doc. No. 24), arguing that the summonses that were returned as to Defendants Beckton, Cauthran, and Nolan, (Doc. Nos. 21, 22, 23), should be quashed because the Marshals' Returns of Service indicate on their face that no personal service was made, and none of them have been personally served.

Defendants support the Motion to Dismiss with Affidavits of Gaston County Sheriff Alan Cloninger and Sheriff Deputy Sergeant Jonathan Lomick. (Doc. Nos. 24-1, 24-2). Cloninger and Lomick state that the U.S. Marshals service left papers with Sergeant Lomick at the Gaston County Sheriff's Office on September 12, 2018. No summons was directed to the Gaston County Sheriff or the Sheriff's Office and no summons was delivered to Sheriff Cloninger. (Doc. No. 24-1 at 2). None of these documents have been delivered to Beckton, Cauthran, Nolan, or Sheriff Cloninger. (Doc. No. 24-1 at 2). Sergeant Lomick is not authorized to receive service of process of court pleadings for Cauthran, Nolan, Beckton, or the Gaston County Sheriff in his department or any individual employee of the Sheriff. (Doc. No. 24-2 at 1-2). When Lomick received the papers, it was with the intent to acknowledge that the papers were given to him, and not the addressee of any summons and not with the purpose of accepting service of process. (Doc. No. 24-2 at 2). Lomick gave the papers to one of his superiors at the Gaston County Sheriff's Office. The papers were not

delivered to Cauthran, Beckton, or Nolan by Lomick or anyone else to Lomick's knowledge.

The Court issued a Roseboro[1] Order to Plaintiff on October 3, 2018, advising him of the importance of responding to Defendants' motion. (Doc. No. 26). Plaintiff has filed a Response in opposition to the Motion to Dismiss, (Doc. No. 30), arguing that he is *pro se* and indigent, and relied upon the U.S. Marshals Service to properly and timely serve Defendants in this matter.

**II.     MOTION TO DISMISS AND QUASH**

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A motion may be brought to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process may be brought pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

> Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:
>
> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Defendants have demonstrated that service was insufficient because the summons forms were mailed to the Gaston County Sheriff's office where none of the Defendants reside, and were accepted by Sergeant Lomick, who has not been authorized to accept service on behalf of Cauthran, Beckton, or Nolan. Therefore, the Motion to Quash will be granted. However, the Motion to Dismiss will be denied.

Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*. Plaintiffs who are proceeding *in forma pauperis* must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4

Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, 210 F.3d 361, 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, 2012 WL 140417 at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible"), *adopted*, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012).

Therefore, the Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants Beckton, Cauthran, and Nolan in accordance with Rule 4 within 30 days of this Order.

**III.    MOTION FOR DISCOVERY**

Plaintiff has filed a Letter in which he asks the Court to compel the Mecklenburg County Sheriff's Department Jail Division to allow Plaintiff to physically search his property bags for legal mail and materials that are "essential" to this case. (Doc. No. 20).

Plaintiff's Letter is essentially a Motion for Discovery which is premature and has been misdirected to the Court. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Plaintiff is instructed to engage in voluntary discovery after a scheduling order is issued. Plaintiff may file a motion to compel with the Court if discovery efforts fail at that point.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss will be denied but his Motion to Quash will be granted as to Defendants Beckton, Cauthran, and Nolan. The U.S. Marshal will be instructed to use reasonable efforts to effectuate service on Defendants Beckton, Cauthran, and Nolan. Plaintiff's Letter is construed as a Motion for Discovery that is premature, has been misdirected to the Court, and is denied.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendants Beckton, Cauthran, and Nolan's Motion to Dismiss or Quash, (Doc. No. 24), is **GRANTED** in part and **DENIED** in part as stated in this Order.

(2) Plaintiff's *pro se* Letter, (Doc. No. 20), is construed as a Motion for Discovery and is **DENIED**.

(3) Within **30 days** of this Order, the U.S. Marshal shall use reasonable efforts to locate

and obtain personal service on Defendants Beckton, Cauthran, and Nolan in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal is unable to locate and obtain and service on Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve them.

(4) The Clerk of Court is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: January 15, 2019

Frank D. Whitney
Chief United States District Judge