UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-86-FDW

| BENJAMIN GODWIN SWANSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| GASTON COUNTY SHERIFF'S DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the second Motion to Dismiss or Quash filed by Defendants Cauthran, Becton, and Nolan pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, (Doc. No. 36), alleging insufficient service of process of the summons and Amended Complaint. Also pending is Plaintiff's Second Amended Complaint, (Doc. No. 41), in which he seeks to add two new Defendants, Deputy Rogers and Officer Webber.

I. BACKGROUND

Plaintiff is a *pro se* inmate of the Mecklenburg County Jail who filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on Plaintiff's allegations of retaliation against Defendants Cauthran, Becton, and Nolan. (Doc. No. 11). The Clerk of Court electronically issued summons forms to the U.S. Marshal for service on Defendants on September 7, 2018. (Doc. Nos. 18). Summons forms were returned executed and were filed with the Court on September 18, 2018. (Doc. Nos. 21-23). The Proof of Service forms attached to the Summons forms indicate that each of the Defendants was served when the U.S. Marshal delivered the Summonses to Sergeant Lomick of the Gaston County Sheriff's Office on

1

September 12, 2018. (Doc. No. 21 at 3); (Doc. No. 22 at 3); (Doc. No. 23 at 3).

Defendants filed their first Motion to Dismiss or Quash on October 1, 2018, (Doc. No. 24), arguing that the summonses that were returned as to Defendants Beckton, Cauthran, and Nolan, (Doc. Nos. 21, 22, 23), should be quashed because the Marshals' Returns of Service indicate on their face that no personal service was made, and none of them have been personally served. The Motion to Dismiss or Quash was granted in part and denied in part, and the U.S. Marshal was instructed to use reasonable efforts to effectuate service on Defendants Beckton, Cauthran, and Nolan. (Doc. No. 31).

Summonses were returned executed for Defendants Beckton, Cauthran, and Nolan in January 2019. (Doc. Nos. 33-35).

Plaintiff filed a "Supplemental Complaint," (Doc. No. 41), that is construed as a Second Amended Complaintdated January 27, 2019 that was docketed on February 7, 2019.

Defendants Beckton, Cauthran, and Nolan have now filed a second Motion to Dismiss or quash on February 11, 2019. (Doc. No. 37). They argue that no service has been made on any individual Defendant, that the summonses should be quash, and that the Amended Complaint should be dismissed for failure to obtain timely service. The first time service was attempted, all of the Defendants were served at the Sheriff's Office but there was no personal service. The second time service was attempted, the returns suggest that the envelopes were delivered to someone other than any Defendant. Defendants Beckton, Cauthran, and Nolan have filed affidavits stating that they have not received the summons or Amended Complaint and that they have not authorized anyone at the Gaston County Sheriff's Office to accept service their behalf or receive their mail. (Doc. Nos. 36-1, 36-2, 36-3). Alternatively, Defendants Beckton, Cauthran, and Nolan move the Court for a 21-day extension of time to file Answers to the Amended Complaint.

The Court issued a Roseboro[1] Order to Plaintiff on February 13, 2019, advising him of the importance of responding to Defendants' Motion. (Doc. No. 38). Plaintiff has filed a Response, (Doc. No. 40), arguing that he is *pro se* and indigent, and relied upon the U.S. Marshals Service to properly and timely serve Defendants in this matter.

## II. MOTION TO DISMISS AND QUASH

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A motion may be brought to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process may be brought pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Defendants have demonstrated that service was insufficient because the summons forms were mailed to the Gaston County Sheriff's office where none of the Defendants reside, were accepted by an individual who has not been authorized to accept service on behalf of Defendants Cauthran, Beckton, or Nolan, and which Defendants Cauthran, Beckton, and Nolan never received. Therefore, the Motion to Quash will be granted. However, the Motion to Dismiss will be denied.

Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*. Plaintiffs who are proceeding *in forma pauperis* must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure

4

that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, 210 F.3d 361, 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, 2012 WL 140417 at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible"), *adopted*, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012).

Therefore, the Court will again instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants Beckton, Cauthran, and Nolan in accordance with Rule 4 within 30 days of this Order.

**III.     AMENDED COMPLAINT**

Plaintiff has filed a "Supplemental Complaint" that is construed as a Second Amended Complaint in which he attempts to add two Defendants, Deputy Rogers and Officer Webber. He also writes the names of the existing Defendants, Beckton, Cauthran, and Nolan, in the case caption, but does not assert any claims against those Defendants.

5

In order to amend his complaint, Plaintiff may not simply add allegations to his already existing complaint as he attempts to do here. That is, a plaintiff may not amend his complaint in piecemeal fashion. Rather, he must submit a Motion to Amend and a proposed Third Amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. See Fed. R. Civ. P. 15. Once Plaintiff amends his complaint, the previously-filed complaints will be superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). The Third Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. The Third Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them.

IV.     **CONCLUSION**

For the reasons stated herein, Defendants Beckton, Cauthran, and Nolan's Motion to Dismiss will be denied but their Motion to Quash will be granted. The U.S. Marshal will be instructed to use reasonable efforts to effectuate service on Defendants Beckton, Cauthran, and Nolan. Plaintiff's "Supplemental Complaint" is construed as a Second Amended Complaint and is

dismissed without prejudice to file a Motion to Amend and Third Amended Complaint in compliance with this Order and all applicable rules and procedures.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendants Beckton, Cauthran, and Nolan's Motion to Dismiss or Quash, (Doc. No. 36), is **GRANTED** in part and **DENIED** in part as stated in this Order.

(2) Plaintiff's *pro se* Supplemental Complaint, (Doc. No. 41), is construed as a Second Amended Complaint and is **DISMISSED** without prejudice to file a Motion to Amend and Third Amended Complaint in accordance with this Order and all applicable rules and procedures.

(3) Within **30 days** of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain personal service on Defendants Beckton, Cauthran, and Nolan in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal is unable to locate and obtain and service on Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve them.

(4) The Clerk of Court is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

(5) The Clerk of Court is respectfully instructed to mail Plaintiff a copy of the § 1983 civil complaint form.

Signed: May 13, 2019

Frank D. Whitney
Chief United States District Judge