# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:18-cv-00086-MR

| | | |
|---|---|---|
| **BENJAMIN GODWIN SWANSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GASTON COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's "Motion for Reconsideration of NCPLS & Motion for the Appointment of Counsel and/or Masters" [Doc. 69].  Defendants have filed a Response.  [Doc. 70].

The incarcerated Plaintiff in this § 1983 civil rights action asks the Court to reconsider its refusal to appoint North Carolina Prisoner Legal Services (NCPLS) to assist him with discovery.  He also asks the Court to appoint him counsel or a master "due to the underlying difficulty already blatantly exhibited by defendants, and the exceptional circumstances in this case." [Doc. 69 at 1].

First, Plaintiff requests reconsideration of the Court's denial of NCPLS appointment pursuant to Standing Order 3:19-mc-00060-FDW.  Plaintiff is

ineligible for representation by NCPLS under the Standing Order because the Defendants are employees of the Gaston County Jail, not the North Carolina Department of Public Safety (NCDPS).  As such, Plaintiff does not qualify for representation by NCPLS.  [See Case No. 3:19-mc-00060-FDW, Doc. 1: Standing Order (providing for the appointment of NCPLS in state prisoner civil rights case "applies only to civil rights actions filed by North Carolina state prisoners against current and former employees of the North Carolina Department of Public Safety, Division of Adult Correction….")].  The fact that Plaintiff is now in NCDPS's custody does not change the fact that he is ineligible for NCPLS's appointment under the Standing Order. Plaintiff's Motion seeking reconsideration regarding NCPLS's appointment will therefore be denied.

Plaintiff also seeks the appointment of counsel or a master to assist him with this case.  Plaintiff contends that his imprisonment greatly limits his ability to litigate the case; the issues are complex and will require testimony that will be better presented by counsel; reading is difficult for Plaintiff due to eye injuries; and the COVID-19 pandemic has affected his access to a law library and to "some information needing to be obtained from defendants [that] are privileged to inmates."  [Doc. 69 at 2].  He further contends that "the USMS and the defendants refused a federal judge's order twice as a dilatory

tactic," however, he fails to describe this refusal or explain how it requires the appointment of counsel.  [Id.].  Plaintiff has again failed to demonstrate the existence of exceptional circumstances warranting the appointment of counsel and his request will be denied.  See generally Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

**IT IS, THEREFORE, ORDERED** that Plaintiff's *pro se* Motion [Doc. 69] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 6, 2020

Martin Reidinger
Chief United States District Judge