# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:18-cv-00086-MR

| | |
|---|---|
| BENJAMIN GODWIN SWANSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GASTON COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion to Compel Discovery [Doc. 73], Defendant Becky Cauthran's Motion for Extension of Time to Respond or Object to Plaintiff's First Set of Interrogatories and First Request for Production of Documents [Doc. 76], and Defendants' Motion for Judicial Settlement Conference [Doc. 77].

The incarcerated *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Gaston County Jail. Retaliation claims against Defendants Cauthran, Becton, and Nolan, who were employed at the Jail, passed initial review. [Doc. 16]. The Court entered a Pretrial Order and Case Management Plan on August 24,

2020 that set the discovery cutoff date on December 17, 2020 and the deadline for filing dispositive motions on January 18, 2021. [Doc. 68].

In his Motion to Compel, Plaintiff asks the Court to compel the Mecklenburg County Sheriff's Department, Jail Division, to provide him with "his legal Mail that are essential to this case."[1] [Doc. 73 at 1]. Plaintiff appears to refer to his September 10, 2018 request for a subpoena that was then premature.[2] [See Doc. 20]; see generally Fed. R. Civ. P. 26(d). The Motion to Compel will be denied, as Plaintiff is seeking records from a non-party and no subpoena has yet been issued. The Clerk of Court will be instructed to issue a subpoena for the records on Plaintiff's behalf.[3] See 28 U.S.C. § 1915(d); [Doc. 20]. This Order will constitute Notice to the parties of the subpoena request pursuant to Fed. R. Civ. P. 45(a)(4). The Clerk will be instructed to serve on each party a copy of this Order and the subpoena pursuant to Rule 45(a)(4), and to issue the subpoena three days later. See

---

[1] Plaintiff was being held at the Mecklenburg County Jail at the time he filed this action arising from events when he had previously been held at the Gaston County Jail. Plaintiff is now in federal custody.

[2] This case was assigned to Judge Frank D. Whitney at that time.

[3] Plaintiff is advised that a judgment may be rendered for costs at the conclusion of the suit. See 28 U.S.C. § 1915(f). Further, Plaintiff may be required to pay the subpoenaed party for the costs associated with the production of the requested documents. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress."); Pickens v. Lewis, 2017 WL 2198342 (W.D.N.C. May 18, 2017) (Section 1915 does not authorize federal courts to authorize payment for indigent litigants' litigation expenses).

2

LCvR 45.2 (requiring notice pursuant to Fed. R. Civ. P. 45(a)(4) to be served on all other parties at least three calendar days before the date on which the subpoena is served on the non-party).

Plaintiff has attached to the Motion to Compel his First Request for Production of Documents and First Set of Interrogatories to Defendant Cauthran. [Doc. 73-1, 73-2]. Plaintiff is reminded that routine discovery requests should not be filed with the Court. See LCvR 26.2; [Doc. 68: Pretrial Order and Case Management Plan].

Defendant Cauthran[4] seeks a 30-day extension of time within which to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. [Doc. 76]. Counsel notes that, although these discovery requests are dated October 12, 2020, counsel did not receive them until October 20, 2020. Defendant Cauthran states that she requires additional time in which to respond or object to Plaintiff's discovery requests but she fails to explain why a 30-day extension is warranted. The Motion will be granted in part and denied in part. Defendant Cauthran will be granted an extension of time to respond to Plaintiff's discovery requests until November 30, 2020. However, the scheduling deadlines set forth in the

---

[4] The reference to Defendant Becton in the body of the Motion appears to be a typographical error. [Doc. 76 at 1].

3

Case 3:18-cv-00086-MR   Document 78   Filed 11/04/20   Page 3 of 5

Pretrial Order and Case Management Plan will not be disturbed.  See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Due to the age of the case, the parties should not anticipate that the deadlines set forth in the Pretrial Order and Case Management Plan will be extended except on a showing of extraordinary circumstances.

Finally, Defendants Cauthran, Becton and Nolan request a judicial settlement conference.  [Doc. 77].  Defendants represent that Plaintiff has sent correspondence to counsel indicating a willingness to consider a settlement.  The Motion will be denied without prejudice for the parties to request a court-hosted settlement conference after any dispositive motions are resolved.  The parties may, of course, attempt to settle the matter without the Court's involvement at any time.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. No. 73] is **DENIED**; however, a subpoena for the documents Plaintiff seeks will be issued.  The Clerk is respectfully instructed to prepare a subpoena to the Mecklenburg County Sheriff's Department, Jail Division, for the documents that Plaintiff seeks [Doc. 20 at 1-2]; serve each of the parties with a copy of this Order and the proposed subpoena; and serve the subpoena three days after the Order is served.

**IT IS FURTHER ORDERED** that Defendant Cauthran's Motion for Extension of Time to Respond or Object to Plaintiff's First Set of Interrogatories and First Request for Production of Documents [Doc. 76], is **GRANTED IN PART** and **DENIED IN PART**. Defendant Cauthran shall have until November 30, 2020 to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judicial Settlement Conference [Doc. 77] is **DENIED WITHOUT PREJUDICE** to renewal following the resolution of dispositive motions in this case.

**IT IS SO ORDERED**.

Signed: November 3, 2020

Martin Reidinger
Chief United States District Judge